UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| EMMANUEL A. WINTERS, | |
| Petitioner, | |
| v. | CAUSE NO.: 3:19-CV-952-JD-MGG |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Emmanuel A. Winters, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (MCF 19-3-327) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of battery in violation of Indiana Department of Correction Offense 102. Following a disciplinary hearing, he was sanctioned with three hundred sixty days of segregation. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

To start, the petition does not indicate that the length of his sentence was increased as a result of these disciplinary proceedings. "[A] habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief under § 2254." *Washington v. Smith*, 564 F.3d 1350, 1351 (7th Cir. 2009). "State prisoners who want to raise a constitutional challenge to . . . administrative segregation . . . must instead employ § 1983 or another statute authorizing damages or

injunctions—when the decision may be challenged at all." *Moran v. Sondalle*, 218 F.3d 647, 651 (7th Cir. 2000). As a result, the court cannot grant relief on this habeas petition. Nevertheless, Winters may have inadvertently omitted the full extent of the disciplinary sanctions, and the court will consider his arguments for habeas relief.

Winters argues that he is entitled to habeas relief because the hearing officer was not an impartial decisionmaker. He states that the hearing officer was not impartial because the hearing officer had already decided the case before the hearing and did not give him a fair hearing. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. *Id.* However, due process is not violated simply because the hearing officer knew the inmate, presided over a prior disciplinary case, or had some limited involvement in the event underlying the charge. *Id.* Here, there is no indication that the hearing officer was involved with the underlying charge, had a personal interest in the result of the hearing, or based his decision on anything other than the administrative record. Further, though the ultimate outcome of the hearing was unfavorable to Winters, he provides no details that would suggest that the hearing officer had decided the case before the hearing or that the hearing was unfair. As a result, the claim that the hearing officer was not an impartial decisionmaker is not a basis for habeas relief.

Winters also argues that he is entitled to habeas relief because a correctional officer did not submit the underlying conduct report in a timely manner and because his mental illness caused him to commit battery. These arguments do not relate to the procedural safeguards for prison disciplinary proceedings enumerated in *Wolff v. McDonnell*, 418 U.S. 539 (1974), and the Supreme Court of the United States has indicated that this list of requirements is exhaustive. *White v. Indiana Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (citing *Baxter v. Palmigiano*, 425 U.S. 308, 324 (1976)). Further, to the extent that these allegations suggest a violation of departmental policy, the failure to follow departmental policy does not rise to the level of a constitutional violation. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). Therefore, these arguments are not a basis for habeas relief.

Because Winters has not asserted a valid claim for habeas relief, the habeas petition is denied. If Winters wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) WAIVES the filing fee;

(3) DIRECTS the clerk to enter judgment and close this case; and

(4) DENIES Emmanuel A. Winters leave to proceed in forma pauperis on appeal.

SO ORDERED on November 7, 2019

                                                  /s/ JON E. DEGUILIO
                                                  JUDGE
                                                  UNITED STATES DISTRICT COURT